UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN WIGGINS, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 10-1710 |
| v. | : | MEMORANDUM OPINION & ORDER |
| BRIAN STRING, ANTHONY BENIGNO, CARMINE DELVICARIO, DANETTE PALMORE, JOSEPH HANSEN, and RICKY WILKS, | : | |
| Defendants. | : | |

This matter has come before the Court on a June 14, 2010 motion to dismiss by Defendants [6] and a June 17, 2010 motion for sanctions by the Plaintiff [7]. For the reasons set forth below, Defendants' motion to dismiss will be granted and Plaintiff's motion for sanctions will be denied.

<u>Background</u>

Plaintiff *pro se* Juan Wiggins filed a Complaint with this Court on April 1, 2010, alleging breach of fiduciary duty by Union defendants, as well as a violation of equal protection and due process.

On April 13, 2010, this Court allowed Plaintiff leave to file an amended Complaint properly pleading subject matter jurisdiction.

An Amended Complaint was filed on April 30, 2010, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleging that Plaintiff was denied due process and equal protection by the Defendants, officials of UFCW Local Union No. 152, the International Union President, and Plaintiff's store manager, when Plaintiff was terminated from his position at the Village Shop Rite in Absecon, New Jersey.

The Amended Complaint asserts that on March 12, 2009, Bob Hawkins, a dairy manager at the Shop Rite, who was also the Union Shop Steward, called a meeting with Plaintiff and the store manager, Defendant Ricky Wilks, and recommended that Plaintiff be terminated for poor job performance. Plaintiff alleges that he should have been afforded the protection of the shop steward, since he was a member in good standing of Local 152. Apparently, Plaintiff then petitioned for a new shop steward, allegedly with some level of support from his fellow Union members.

On March 18, 2009, the Union's business agent, Defendant Carmine DelVicario, visited the Village Shop Rite and expressed the view that Plaintiff's petition should have been shared with the store manager. In doing so, Plaintiff alleges that the business agent violated Plaintiff's due process rights. Plaintiff also alleges that the store manager violated his rights when he asked Plaintiff about the petition, his union activities. At that point, the store manager instructed Plaintiff not to "do it on [Shop Rite's] time." (Am. Compl., p. 3.)

On March 19, 2009, the Treasurer of the Local, Defendant Anthony Benigno, allegedly visited the Village Shop Rite, and suggested that Plaintiff "let things settle." (Am. Compl., p. 3.) Plaintiff alleges that he should have had the Union's "undivided loyalty." (Id.) The same day, some sort of fax was sent to the Union President, which somehow allegedly caused the President to violate a provision of the Union Constitution prohibiting abuse of a fellow member.

On March 21, 2009, the store manager called Plaintiff to his office, warned Plaintiff that he told him "not to do it" on the store's time, and told Plaintiff to clock out and go home, which Plaintiff did. Plaintiff alleges that the store manager violated

Plaintiff's rights by not giving him a written or verbal warning, and by terminating Plaintiff without good and just cause.

Plaintiff calls attention to the fact that he is Black, and asserts that the same week, a Caucasian Union member was caught on the phone by a district manager and, although such offense called for immediate termination, that individual received only verbal discipline.

Plaintiff alleges that the International Union President, Joseph Hansen, violated Plaintiff's due process and equal protection rights by not enforcing the Union's constitution and by-laws.

The Union scheduled a meeting with Plaintiff for April 3, 2009. At that time, the Local's business agent informed Plaintiff that the store had a video tape of Plaintiff "loafing" for eight to nine minutes, and therefore the store was able to fire Plaintiff for cause. Accordingly, the Union would not be representing Plaintiff. An April 6, 2009 letter from Mr. DelVicario to Plaintiff, attached as Exhibit 5 to the Amended Complaint, states:

> As you are aware, a grievance meeting was scheduled on your behalf for Friday, April 3, 2009. Upon your arrival Greg Torian and myself advised you that the Employer was in the possession of a video regarding this matter. We advised you that we would continue with the meeting and allow you to watch the video. You then refused to enter the meeting stating that the Employer had already made a decision and you left the premises.
> Your refusal to participate in your grievance meeting has left this office to no other alternative than to consider this matter closed.

On April 7, 2009, Danette Palmore, the business representative of the Local Union, allegedly told Plaintiff that he waived his right to arbitration by not attending the meeting on April 3, 2009. Although Plaintiff appealed to the Local's executive board, the appeal was denied on June 22, 2009.

3

Presently before the Court is a motion to dismiss filed by Defendants Brian String, Carmine DelVicario, Anthony Benigno, and Danette Palmore, in lieu of an Answer to the Amended Complaint. These Defendants assert that there has been no state action alleged to bring the instant claims under the purview of 42 U.S.C. § 1983.

In response to the defense motion, on June 17, 2010, Plaintiff requested monetary sanctions because there allegedly was no response to the April 30, 2010 Amended Complaint. Fed. R. Civ. P. 12(b)(6), however, permits the Union Defendants to file a motion to dismiss in lieu of filing an Answer to the Amended Complaint. Accordingly, the motion for sanctions is without basis and will be denied.

## Discussion

A. *Rule 12(b)(6) Standard*

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144,

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. - - - , 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).  "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 129 S. Ct. at 1950.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness."  Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")).  Accord Iqbal, 129 S. Ct. at 1950 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's

---

[2]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted).  See also Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

B.  *42 U.S.C. § 1983*

Plaintiffs' Constitutional claims are governed by Title 42 U.S.C. § 1983, which does not, by itself, create substantive rights, but instead  provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution or created by other federal laws.  See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995); Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992).  A plaintiff asserting civil rights violations under Section 1983 "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." Groman, 47 F.3d at 638.

C. *State Action*

Private parties may be liable under § 1983 only when they have acted under color of law. Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)). The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. See Mark, 51 F.3d at 1141 (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)). State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains. Mark, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'" Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

A private entity can be sued under § 1983 where: (1) "the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "the private party has acted with the help of or in concert with state officials"; or (3) "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (quoting Mark, 51 F.3d at 1142 (other alterations, internal quotation marks and citations omitted).

Labor unions generally are not regarded as state actors for the purposes of § 1983. See Figueroa v. City of Camden, 580 F. Supp. 2d 390, 401 (D.N.J. 2008) (citing,

7

inter alia, Jackson v. Temple Univ., 721 F.2d 931 (3d Cir. 1983) (affirming summary judgment where plaintiff failed to provide evidence of state action in union's failure to take grievance to arbitration); Johnson v. Int'l Bhd. of Teamsters, Local 830, 256 Fed. Appx. 481, 483 (3d Cir. 2007) ("[L]abor unions are generally not state actors-they are private entities.")).  An "exception to this generalization" has been recognized, however, "when the unions have affirmatively conspired with the state to deprive a plaintiff of his rights."  Id. (citing Johnson v. Int'l Bhd. of Teamsters, Local 380, 2007 WL 775604, No. 06-3699 (E.D. Pa. Mar. 8, 2007), aff'd 256 Fed. Appx. 481 (3d Cir. 2007)).  No such conspiracy has been pled in this case.

D.  *Analysis*

Defendants are not state actors, nor can their actions be construed as under the "color of state law."  Therefore, the claims brought against them under 42 U.S.C. § 1983, and the § 1985 and § 1986 claims predicated upon a valid § 1983 claim, must be dismissed.

Insofar as the Plaintiff has attempted to allege a claim of breach of duty of fair representation under the National Labor Relations Act, that claim is barred by the six-month statute of limitations, in accordance with DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 170-71 (1963).  The alleged breach of fair duty of representation occurred from March 12, 2009 through the denial of Plaintiff's administrative appeal on June 22, 2009.  The six-month limitations period therefore concluded on or about December 22, 2009, but the Complaint in this matter was not filed until April 1, 2010.  As such, Plaintiff's purported claim of breach of the duty of fair representation is time barred.

Conclusion

For these reasons,

IT IS ORDERED this 9th day of February, 2011 that Plaintiff's motion for sanctions [7] is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to dismiss the Amended Complaint [6] is hereby GRANTED.

    /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.